

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CALVIN LORENZO PERRY,**

    Petitioner,

v.                                                   Civil Action No. **3:08CV63**

**B. WATSON,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his conviction in the Circuit Court for Chesterfield County for possession of an imitation weapon of terror with intent to intimidate in violation of section 18.2-46.6(C) of the Virginia Code. Petitioner contends that he is entitled to relief because his counsel failed to object to the unconstitutional amendment to the indictment. Respondent has moved to dismiss on the grounds that Petitioner's claim lacks merit. Petitioner responded by submitting several motions.

### I. Procedural History

On August 2, 2005, an envelope addressed to the Virginia State Police was received at the Virginia State Police headquarters in Chesterfield, Virginia. The envelope contained a letter and white powder. The letter declared war on the recipient and indicated that the white powder was anthrax. On January 16, 2007, a grand jury sitting in Chesterfield County, Virginia charged Petitioner with violating section 18.2-46.6(B) of the Virginia Code. That statute provided that:

> Any person who, with the intent to commit an act of terrorism, possesses, uses, sells, gives, distributes or manufactures any device or material that by its design, construction, content or characteristics appears to be or appears to contain a (i) weapon of terrorism or (ii) a "fire bomb," "explosive material," or "device,"

as those terms are defined in § 18.2-85, but that is an imitation of any such weapon of terrorism, "fire bomb," "explosive material," or "device" is guilty of a Class 3 felony.

Va. Code Ann. § 18.2-46.6(B) (West 2005). On May 1, 2007, Petitioner entered into a plea agreement with the Commonwealth. As part of the Plea Agreement, the Commonwealth agreed to amend the indictment to charge a violation of section 18.2-46.6(C) of the Virginia Code and allow Petitioner to plead guilty to that offense.[1] The Plea Agreement further provided that the Commonwealth and the Petitioner agreed to a sentence of five years of imprisonment with three years suspended.[2] Petitioner acknowledged that he had sent the letter to the Virginia State Police headquarters and was guilty of the offense charged in the amended indictment.

## II. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to demonstrate the ineffective assistance of counsel, a defendant first must show that counsel's representation was deficient and, then, must establish that the deficient performance prejudiced

---

[1] That statute provides:
> Any person who, with the intent to (i) intimidate the civilian population, (ii) influence the conduct or activities of the government of the United States, a state or locality through intimidation, (iii) compel the emergency evacuation of any place of assembly, building or other structure or any means of mass transportation, or (iv) place any person in reasonable apprehension of bodily harm, uses, sells, gives, distributes or manufactures any device or material that by its design, construction, content or characteristics appears to be or appears to contain a weapon of terrorism, but that is an imitation of any such weapon of terrorism is guilty of a Class 6 felony.

Va. Code Ann. § 18.2-46.6(C) (West 2005).

[2] Class 3 felonies carried a penalty of between 5 and 20 years of imprisonment. Va. Code Ann. § 18.2-10(c) (West 2005). Class 6 felonies carried a penalty of between 1 and 5 years of imprisonment. *Id.* at § 18.2-10(f).

the defense. *See id.* at 687. To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). Prejudice requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to "determine whether counsel's performance was deficient before examining the prejudice" issue. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified the prejudice prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Although this inquiry focuses on a subjective question, "the answer to that question must be reached through an objective analysis." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner contends that counsel should have objected that the Commonwealth lacked jurisdiction to convict him based upon the charge in the amended indictment. Specifically, Petitioner contends that:

3

> Whether the petitioner plead guilty or not, by the trial prosecutor arbitrarily amending the indictment without resubmitting it to the grand jury is per se prejudice and demands reversal of conviction. *Russell v. United States*, 369 U.S. 749 (1962) and even though, the petitioner plead guilty, being convicted under an defected indictment is not waived by a guilty plea, because an indictment is jurisdictional. *United States v. Berrios-Centeno*, 250 F.3d 294 (5th Cir. 2001).

(Petr.'s Br. in Supp. of Trav. 2 (capitalization corrected).) Contrary to Petitioner's assertions, in Virginia, "the requirement for indictment is not jurisdictional and constitutionally imposed but is only statutory and procedural." *Triplett v. Commonwealth*, 186 S.E.2d 16, 17 (Va. 1972) (*citing Henson v. Commonwealth*, 155 S.E.2d 346 (Va. 1967), *Forester v. Commonwealth*, 173 S.E.2d 851 (Va. 1970)). Therefore, a defendant can waive his right to the presentment of the indictment to a grand jury. *See Grier v. Commonwealth*, 546 S.E.2d 743, 747 (Va. Ct. App. 2001).

Here, with the full knowledge of Petitioner, the prosecution and the defense agreed to amend the indictment to charge the less serious offense of possession of an imitation weapon of terror with intent to intimidate in violation of section 18.2-46.6(C) of the Virginia Code. The record belies any suggestion that Petitioner had any interest in forestalling his criminal proceedings while a new indictment charging that offense was presented to the grand jury.[3]

---

[3]
| | | |
|---|---|---|
| | THE COURT: | Following those discussions, who made the decision to plead guilty? |
| | THE DEFENDANT: | I made the decision because I am tired of this situation and I wanted to get it over with. |

(May 1, 2007 Tr. 35.)

| | | |
|---|---|---|
| | THE COURT: | Are you pleading guilty because you are, in fact, guilty of the offense[] described in the indictment? |
| | THE DEFENDANT: | That and I want to get it over with. |

(May 1, 2007 Tr. 35-36.)

4

Hence, counsel was not deficient for failing to pursue the objection Petitioner urges here. Moreover, in light of the likelihood of Petitioner's conviction after a trial, and that by pleading guilty he substantially reduced his term of imprisonment, Petitioner fails to demonstrate a reasonable probability that he would have pled not guilty and insisted upon a trial. *See Meyer v. Branker*, 506 F.3d 358, 369-70 (4th Cir. 2007), *cert. denied*, 128 S. Ct. 2975 (2008). Petitioner's claim will be DISMISSED. The motion to dismiss (Docket No. 4) will be GRANTED. The petitioner for a writ of habeas corpus will be DENIED and the action will be DISMISSED.

An appropriate Order shall issue.

Dated: 2-3-09
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge